wards remedied by a full investigation of the facts pertaining thereto." ·

*Amasa J. Parker*, for the appellant.   *George Bliss*, for the respondents.

Opinion by BOARDMAN, J.; LEARNED, P. J., concurred.

Present — LEARNED, P. J., BOOKES and BOARDMAN, JJ.

Judgment and order affirmed, with costs.

JAMES S. THURSTON, RESPONDENT, v. CHARLES G. FAIR-
MAN AND OTHERS, APPELLANTS.

*Provision for assignment of fees and salaries of public office — when forbidden by
public policy — Agreement in article of partnership, to account to firm for money so
received — when valid.*

APPEAL from a judgment in favor of the plaintiff, entered upon the report of a referee.

This action was brought upon a written guaranty given by the defendants for the full and faithful performance by the defendant Charles G. Fairman, of a certain agreement made by him with the plaintiff, whereby the firm of Fairman & Thurston, composed of the defendant Fairman and the plaintiff, who were engaged in carrying on the newspaper, job printing and book binding business in all its branches, in the city of Elmira, was dissolved, and the assets and property thereof sold by the plaintiff to the said Fairman, who agreed to pay to the plaintiff the one-half of all debts owing to the partnership October 1, 1870.

The General Term, after examining the evidence and holding that the proceedings of the referee were sustained thereby, proceeds:

"A question remains growing out of one of the provisions of the partnership agreement. This provision is as follows: 'Third. It is understood and hereby agreed that all salaries, perquisites and earnings received by either partner from any office or employment is the property of the firm, and shall be accounted for and paid into the funds of the firm as soon as received, in the same manner

as though it was received from the debtors of the firm.' It was insisted before the referee, and it is now urged on the appeal, that this provision is void because against public policy. The referee held it valid and binding on the parties. It was decided in *Bliss* v. *Lawrence* (58 N. Y., 442), in the Court of Appeals, that it was against public policy and unlawful to allow the assignment or transfer of a *salary* of a public officer before it becomes due. But it was decided in *The People ex rel. Grattan* v. *Dayton* (50 How., 143) that the *fees* of a public officer, earned and unearned, were assignable. The judgment in this case was affirmed at General Term (3 Weekly Dig., 341), but without passing on this question. (See, also, *Stover* v. *Ecyleshimer*, 46 Barb., 84; in Ct. of App., 3 Keyes, 620; *Field* v. *The Mayor*, 6 N. Y., 179.) There seems to be a very marked distinction between the case here under consideration, and the case of an assignment of a salary unearned and to become due. The ground of objection to such assignment grows out of a necessity which exists in every government, of preserving efficiency in the public service by seeing to it that public salaries go to those who perform the public service. Judge JOHNSON says, in *Bliss* v. *Lawrence :* ' The public service is protected by protecting those engaged in performing public duties; and this not on the ground of their private interest, but upon that of the necessity of securing efficiency in the public service, by seeing to it that the funds provided for its maintenance should be received by those who are to perform the work, at such periods as the law has appointed for their payment.' In the case of an assignment of a salary unearned and to become due, the officer has anticipated his compensation ; hence the inducement to faithfulness in his public duties is greatly impaired and enfeebled. That which produces this result is unlawful, being against public policy. But the case in hand is not that of an assignment of an unearned salary, when all control over the expected funds, even to their reception in the first instance is passed over to another. It is but an agreement as to the manner in which the salary shall be employed or disposed of, when earned and paid. The parties took upon themselves an obligation, that is, bound themselves one to the other, as to the manner in which salaries, perquisites, etc., received by them respectively should be applied or employed when received. The

case as between them rested in contract, and their agreement involved only personal interests. The agreement did not take away from the parties the right to receive their salaries at such periods as the law appointed for their payment. Its effect was not to impair their obligations as public officers, or to present inducements to inefficiency or unfaithfulness in the performance of their public duties. All incentive to efficiency and fidelity in the public service remained unimpaired by their personal stipulations, in regard to the disposition of the funds when received. We are, therefore, of the opinion that no principle of public policy is involved in the clause of the agreement here considered, which should relieve the parties from its performance.

There was, consequently, no error committed by the referee in holding the parties to their stipulation."

*S. B. Tomlinson*, for the appellants. *R. King*, for the respondent.

Opinion by BOCKES, J.

LEARNED, P. J., and BOARDMAN, J., concurred.

Judgment affirmed, with costs.